UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODRICK DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CAUSE NO. 1:05-CV-225 WL |
| vs. | ) |
| | ) |
| ALLEN COUNTY SHERIFF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Rodrick Davis, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Davis alleges that guards at the Allen County Jail used excessive force against him. He allges that when the key broke in the lock of his ankle shackle on his right leg, they inisted that he be cuffed behind his back before they would cut it off with bolt cutters. Mr. Davis offered to be cuffed in front, but refused to cuff up behind his back. He requested to move to another area of the jail and moved to the door. In response, guards took him to the ground and secured him, but he continued to resist being cuffed. The guards forcably restrained him and struck pressure points in an attempt to obtain compliance. Additional officers were called and "[o]nce the other officers arrive I begin to give in. I then release my muscle and allow them to have my right arm." Complaint at 9-10, docket # 2. Once he was cuffed, they proceeded to cut the shackle with the bolt cutters. Mr. Davis alleges that this was a painful process.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in

> the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted).

Mr. Davis states that he was not yelling at the guards before they started hitting him and that he had been trying to help remove the key from the shackle. These facts are not relevant. Based solely on his own complaint, Mr. Davis was a mentally ill prisoner who had spent an extended period of time in segregation. He refused to cuff up and he moved away from the officers when they ordered him to cuff up behind his back. Mr. Davis did not want to be cuffed, he preferred to be cuffed in front, and he wanted to move to a different area of the jail; but he was a prisoner and it was not for him to dictate to the guards when or where he would be restrained. Even after he was taken to the ground by several officers, Mr. Davis continued to resist and the officers used additional force to cuff him. This court will not second guess the decisions of guards who faced a noncompliant inmate. Though it may seem that the officers used more force than was necessary and though it may seem that they were less patient than they could and should have been, this court will not second guess them based on the facts alleged in this pleading. The officers described in the complaint were justified in using force to obtain compliance with the order to cuff up behind his back and this

complaint is merely an argument over the reasonableness of the particular force which was used and an argument that superior alternatives may have existed. This does not state a claim.

Additionally, Mr. Davis alleges that cutting off the leg shackle was painful. Both the guards and Mr. Davis had unsuccessfully tried to remove the key and release the shackle and it was obviously necessary to cut it off. the lock. It is possible, though unnessary to decide here, that it might have been less painful to remove the shackle had Mr. Davis cooperated with the process rather than physically resisting while the officers removed it. Mr. Davis claims that he suffered a bruise on his ankle as a result of the removal of the shackle and that he recieved pain medication.

Based on the facts presented by Mr. Davis, the force applied was used for a legitimate purpose and doing so did not violate his constitutional rights. For the foregoing reasons, this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: July 11 , 2005

S/William C. Lee
William C. Lee, Judge
United States District Court